UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF INDIANA,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF EVANSVILLE, INDIANA and EVANSVILLE WATER AND SEWER UTILITY BOARD,<br><br>Defendants. | 3:09-cv-0128-WTL-WGH |
| THE CITY OF EVANSVILLE, INDIANA and EVANSVILLE WATER AND SEWER UTILITY BOARD<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL MANAGEMENT CORPORATION,<br><br>Third-Party Defendant. | |

**ORDER ON PLAINTIFFS' MOTION TO SEVER DEFENDANT'S THIRD-PARTY CLAIMS UNDER FRCP 21**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiffs' Motion to Sever Defendant's Third-Party

Claims Under FRCP 21 filed December 18, 2009.[1] (Docket Nos. 27-28). The City of Evansville filed a Response on January 4, 2010. (Docket No. 39). A Reply was filed on January 11, 2010. (Docket No. 40).

**1. Background**

In their First Amended Complaint, Plaintiffs raise seven separate causes of action for the alleged discharge of pollutants by Defendants at two wastewater treatment plants in Evansville, Indiana. Specifically, the nature of Plaintiffs' claims are as follows:

> This is a civil action brought pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), for injunctive relief and for the assessment of civil penalties against the City of Evansville, Indiana ("Evansville" or "the City") and the Evansville Water and Sewer Utility Board ("EWSU") (collectively, the "Defendants") for unauthorized and illegal discharges of pollutants and other violations of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and the National Pollutant Discharge Elimination System ("NPDES") permits that have been issued to Defendants. For many years, Defendants have discharged sewage and other harmful pollutants from the sewage collection systems that are part of the City's Publicly Owned Treatment Works ("POTW") onto public and private property and into navigable waters flowing through and around the City of Evansville, including but not limited to the Ohio River, Pigeon Creek, Bee Slough, and Carpentier Creek. These discharges are caused by the POTW's lack of capacity to convey wastewaters through its collection systems and fully treat those

[1] After Plaintiffs filed the Motion to Sever, an Amended Third-Party Complaint was filed on January 15, 2010. (Docket No. 42). The Third-Party Complaint was amended to add the Evansville Water and Sewer Utility Board as a third-party plaintiff. No other substantive changes were made to the Amended Third-Party Complaint. Therefore, any reference by the court to the Third-Party Complaint equally applies to the Amended Third-Party Complaint. Additionally, all references in this entry to Defendant City of Evansville also refers to the Evansville Water and Sewer Utility Board.

> wastewaters at its two Waste Water Treatment Plants ("WWTPs") in its service area, and by poor maintenance and operation of the POTW. As a result, and as further alleged in this complaint, the Defendants violated several terms and conditions of the NPDES permits that have been issued to the Defendants, have violated Section 301(a) of the CWA, and have violated Indiana law.

(First Amended Complaint ¶ 1). In their Answer, Defendants deny these allegations. (*See* Answer to First Amended Complaint). Additionally, the City of Evansville brought a Third-Party Complaint against Environmental Management Corporation ("EMC") alleging that EMC operated the wastewater treatment plants at issue in this suit pursuant to a Management Agreement and that EMC was, therefore, responsible for indemnifying the City of Evansville for any liability arising out of the operation of the wastewater treatment plants. The City of Evansville also brought the third-party claim alleging breach of contract by EMC. (*See* Third-Party Complaint).

Plaintiffs filed the instant motion arguing that the third-party claims should be severed or, in the alternative, discovery on the third-party claims should be stayed until after the completion of the underlying claim. Having examined the pleadings, the parties' arguments, and the relevant legal authorities, the Magistrate Judge determines that Plaintiffs' motion must be denied.

## 2. Discussion

Rule 14 of the Federal Rules of Civil Procedure permits a defendant to bring a claim against any "nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). Plaintiffs are correct that,

pursuant to Rule 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." However, severance is not warranted here.

A trial court is given considerable discretion when determining whether to sever or strike a third-party complaint. *Keister v. Laurel Mt. Dev. Corp.,* 70 F.R.D. 10, 13 (W.D.Pa. 1976). The policy behind Rule 14 is the ability to facilitate judicial economy and avoid multiple and circuitous suits. *U.S. v. Yellow Cab Co.,* 340 U.S. 543, 556, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951).

In this case, the Magistrate Judge notes that the third-party claims against EMC are exactly the type of indemnity claims that are routinely brought under Rule 14. *See SEC v. Nappy,* 1993 WL 433780 at *1 (N.D.Ill. 1993)("the crux of a Rule 14(a) third-party claim is the defendant's attempt to transfer (by indemnity, subrogation, contribution or some other theory) the liability asserted against the original defendant to the third-party defendant."). In the Management Agreement it entered into with Defendants, EMC agreed that it "shall be responsible and liable for penalties, fines, damages, or cleanup expenses that may be imposed by the USEPA, ORSANCO, IDEM, or any other regulatory agency for any noncompliance with or violation of any permit, regulation or standard including cleanup expenses." (Third-Party Complaint at Exhibit A). Hence, Defendants have properly utilized Rule 14 to bring their third-party claims against EMC.

Once a determination has been made that a third-party claim is proper, a court determining whether or not to sever the claim should examine "whether

continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." Wright Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1460 (1990). The facts surrounding the third-party claims in this case lead to a conclusion that continued joinder would not unduly complicate the litigation or prejudice Plaintiffs. Both of the National Pollutant Discharge Elimination System permits that have been issued to Defendants in this case clearly indicate on their face that, along with the City of Evansville, EMC was also a "permittee." (*See* Response to Plaintiffs' Motion to Sever at Exhibits A, B). Given that EMC was responsible for the operation of the two wastewater treatment plants at issue in this case, and given that EMC was listed as a "permittee" on both National Pollutant Discharge Elimination System permits, the Magistrate Judge concludes that EMC will be the source of a significant amount of the evidence necessary to determine liability in this case. Severance of the Third-Party Complaint against EMC would lead to multiple suits, and even possibly inconsistent results.[2] Therefore, severance is not proper under these circumstances. Additionally, for the same reasons that severance is not proper, the Magistrate Judge declines to stay discovery on the third-party claims.

---

[2]In light of the fact that EMC is listed as a "permittee" under both of the National Pollutant Discharge Elimination System permits issued to the City of Evansville by IDEM, the Magistrate Judge questions why EMC has not been added as a necessary party under Rule 19 of the Federal Rules of Civil Procedure. However, that issue is not before the court in this motion.

**3. Conclusion**

Plaintiffs' Motion to Sever Defendant's Third-Party Claims Under FRCP 21 is **DENIED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** February 5, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Sierra L. Alberts
INDIANA OFFICE OF THE ATTORNEY GENERAL
sierra.alberts@atg.in.gov

Frank Paul Calamita III
AQUALAW PLC
paul@aqualaw.com

Nicole Cantello
U.S. EPA Region V
cantello.nicole@epa.gov

Lisa Ann Cherup
UNITED STATES DEPT. OF JUSTICE
lisa.cherup@usdoj.gov

Anthony Scott Chinn
BAKER & DANIELS - Indianapolis
scott.chinn@bakerd.com

Nigel B. Cooney
UNITED STATES DEPARTMENT OF JUSTICE
nigel.cooney@usdoj.gov

Steven D. Griffin
INDIANA OFFICE OF THE ATTORNEY GENERAL
steve.griffin@atg.in.gov

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Andrew C. Hanson
U.S. DEPT. OF JUSTICE
andrew.hanson2@usdoj.gov

Brian E. Joffe
U.S. ENVIRONMENTAL PROTECTION AGENCY
joffe.brian@epa.gov

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Kevin M. Kimmerling
BAKER & DANIELS -North Indianapolis
kevin.kimmerling@bakerd.com

John A. Sheehan
HUNTON & WILLIAMS LLP
JSheehan@hunton.com