UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CAUSE NO. 3:09-cv-128-WTL-WGH |
| THE CITY OF EVANSVILLE, INDIANA, et al., | ) |
| Defendants. | ) |
| THE CITY OF EVANSVILLE, INDIANA, et al., | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| ENVIRONMENTAL MANAGEMENT CORP., | ) |
| Third-Party Defendant. | ) |

## ENTRY ON MOTION TO DISMISS OR STAY

This case is before the Court on the motion of Third-Party Defendant Environmental Management Corporation ("EMC") seeking dismissal of the unstayed counts[1] in the second amended third-party complaint filed by Third-Party Plaintiffs The City of Evansville and Evansville Water and Sewer Utility Board (collectively referred to as "Evansville") or, alternatively, a stay of those counts. The motion is fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** EMC's motion (dkt. no. 96) for the reasons set forth below.

---

[1] Evansville's second amended complaint contains three counts. The first count contains a claim for indemnification; that claim has been stayed pending resolution of the underlying claim against Evansville. The two remaining counts are both for breach of contract.

EMC, relying on the new notice pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), moves to dismiss the breach of contract claims in the second amended complaint on the grounds that Evansville has failed to plead facts adequate to support its claim. The boundary between a well-pled complaint and an insufficient one under *Twombly* and its progeny is, quite frankly, still evolving and therefore somewhat blurry. While it may be difficult for courts to articulate why a particular case falls on one side or the other of the line, the overriding principle of the new pleading standard is clear: notice pleading is still all that is required, and "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and internal quotation marks omitted). Evansville's complaint clearly satisfies this standard and therefore is not subject to dismissal.

By arguing to the contrary, EMC seeks to impose a pleading standard that is inconsistent with notice pleading. For example, EMC argues that Evansville fails to allege specifically the nature of EMC's alleged breach of various contractual provisions. Notice pleading does not require such specificity in non-complex cases, however. As noted in *Tamayo*, the Supreme Court's "explicit praise" of what is now Form 11 of the Federal Rules of Civil Procedure "illustrates that conclusory statements are not barred entirely from federal pleadings."

> The [*Twombly*] Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." *Bell Atlantic*, 127 S.Ct. at 1977; *see also Iqbal v. Hasty*, 490 F.3d 143, 156 (2d Cir.2007). To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. *Bell Atlantic*, 127 S.Ct. at 1977; *Iqbal*, 490 F.3d at 156. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Tamayo,* 526 F.3d at 1084-85. Evansville has given EMC such notice in this case, and that is all that notice pleading requires of it. EMC's other arguments similarly urge a more stringent pleading standard.[2] Accordingly, EMC's motion is **DENIED** to the extent is seeks dismissal of Evansville's breach of contract claims.

However, EMC also argues in the alternative that the breach of contract claims should be stayed pending resolution of the underlying action. The Court agrees. Evansville's indemnification claims have been stayed because they will not be ripe until the underlying action is resolved, and many aspects of the breach of contract claims are intertwined with the indemnification claims. Because the contours of the third-party claims will be determined in large part by the resolution of the underlying action, the most efficient course of action at this point is to stay all of the third-party claims and then permit all of them to be litigated together. Accordingly, the third-party complaint is hereby **STAYED** in its entirety, pending the final resolution of the underlying action.

SO ORDERED: 01/06/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2] EMC also argues that Count III–in which Evansville alleges that EMC has failed to provide it with satisfactory proof of insurance–has been "mooted" by EMC's production of insurance policies as part of its initial disclosures in this case. This is not a proper basis for dismissal under Rule 12(b)(6).

3