UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| and | ) |
| THE STATE OF INDIANA, | ) |
| Plaintiffs, | ) |
| vs. | ) CASE NO. 3:09-cv-0128-WTL-WGH |
| THE CITY OF EVANSVILLE, INDIANA | ) |
| and | ) |
| EVANSVILLE WATER AND SEWER UTILITY BOARD | ) |
| Defendants. | ) |
| THE CITY OF EVANSVILLE, INDIANA | ) |
| and | ) |
| EVANSVILLE WATER AND SEWER UTILITY BOARD | ) |
| Third-Party Plaintiffs, | ) |
| vs. | ) |
| ENVIRONMENTAL MANAGEMENT CORPORATION, | ) |
| Third-Party Defendant. | ) |

**THIRD-PARTY PLAINTIFFS' MOTION TO COMPEL
AND EXTEND DEPOSITION OF NON-PARTY WITNESS TOM WILLIAMS**

Pursuant to Rule 30(d) of the Federal Rules of Civil Procedure, Third-Party Plaintiffs, the City of Evansville, Indiana and the Evansville Water and Sewer Utility Board (collectively, the "City"), respectfully request that this Court grant additional time to complete the deposition of non-party witness Tom Williams. In support of this motion, the City states as follows:

**Background**

1. The City, having subpoenaed Mr. Williams, took his deposition on July 11, 2012. Counsel for both Mr. Williams and Third-Party Defendant Environmental Management Corporation ("EMC") attended.

2. Mr. Williams was the <u>top operational employee</u> for EMC during most of the time period relevant to this case, and held a key position relevant to this case prior to that.

3. Although the City tried to complete the deposition within seven hours – the presumptive duration noted in Rule 30(d)(1) of the Federal Rules of Civil Procedure – due to the amount of factual material to cover and the critical role played by Mr. Williams, the City was unable to complete the deposition in seven hours.

4. During the deposition, counsel for the City informed counsel for EMC and counsel for Mr. Williams that additional deposition time would likely be required. Counsel for Mr. Williams, however, refused to stipulate to extending the deposition beyond seven hours.

5. At the conclusion of seven hours of deposition testimony, counsel for Mr. Williams again refused to extend the deposition. The parties put their respective positions on the record.

6. Given the scheduled July 17 telephonic status conference with the Court, counsel for the City, on July 13, 2012, sent an email to counsel for Mr. Williams (with a copy to counsel

2

for EMC), informing him of the status conference, and inviting him to participate in order to discuss the issue of extending Mr. Williams's deposition with the Magistrate Judge, potentially avoiding unnecessary motions practice on the issue. Counsel for Mr. Williams declined to participate in the status conference.

## Argument

7. The length of a deposition is governed by Rule 30(d)(1) of the Federal Rules of Civil Procedure. In 2000, Rule 30(d) was amended to include a "presumptive durational limitation of one day of seven hours . . . ." FED. R. CIV. P. 30 Advisory Committee Notes (2000 Amendment).

8. This durational limit is *presumptive*; it may be extended or altered by agreement of the parties or by order of the Court upon a showing of good cause. *Id.* In fact the Court "*must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent . . . ." FED. R. CIV. P. 30(d)(1) (emphasis added). For example, "[i]f the examination will cover events occurring over a long period of time, that may justify allowing additional time." FED. R. CIV. P. 30 Advisory Committee Notes (2000 Amendment).

9. This standard applies to non-party witness depositions, like Mr. Williams's. *See, e.g.*, *In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-1717-JJF, 2008 WL 5377979 (D. Del. Dec. 18, 2008) (extending non-party deposition beyond presumptive seven-hour limit); *and see Adelphia Recovery Trust v. Bank of America*, N.A., No. 4:09-MC-00139, 2009 WL 1794992 (M.D. Penn. June 23, 2009) (same).

10. The City requires as much as an additional four hours to fairly examine and complete Mr. Williams's deposition. Good cause for such an extension exists for three reasons:

a. Given the centrality of his role as head of EMC's Evansville operations, Mr. Williams is a vital material witness and possesses information that the City has reason to believe is otherwise unavailable. *See Adelphia Recovery Trust v. Bank of America*, N.A., No. 4:09-MC-00139, 2009 WL 1794992, at *2 (M.D. Penn. June 23, 2009) (extending the duration of a non-party witness' deposition after observing that the witness was in a "unique position to provide information regarding [the company's] day-to-day operations."). Other witnesses employed by EMC during the relevant period have identified Mr. Williams as one of the most important witnesses – and in some cases *the* most important witness – with respect to technical issues.

b. The length of time covered by the claims set forth in this case (over a decade), Mr. Williams's almost equally long tenure working for EMC at the Evansville facilities during that relevant period (seven years), and the sheer volume of documents, facts and legal issues involved, each militates in favor of extending Mr. Williams's deposition. *See In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-1717-JJF, 2008 WL 5377979, at *2 (D. Del. Dec. 18, 2008) (extending the duration of non-party witnesses' depositions after noting the "eight years of particularized knowledge by [the non-party witnesses]" and the "thousands of documents personally authored by each one."). In fact, precisely *because of* the sheer volume of material involved, the City was unable to examine Mr. Williams regarding all issues essential to the City's breach claims, including the extent of sewer cleaning done by EMC over the course of the Management Agreement, EMC's status under and compliance history with the NPDES permits

        for the Evansville wastewater treatment plants, and EMC's response to a request-for-proposals ("RFP") made by the City towards the end of EMC's tenure.

    c.    Finally, the initial deposition left at least three issues unresolved. First, Mr. Williams was not prepared to answer questions regarding R.W. Armstrong's 2008 contract compliance audit of EMC's Evansville operations – a central matter in this case about which EMC has sought discovery, including during its Rule 30(b)(6) depositions of the City. Second, counsel for Mr. Williams objected to, and instructed Mr. Williams not to answer, questions concerning Mr. Williams's severance agreement with EMC. And third, counsel for EMC – asserting a joint defense privilege – objected to, and instructed Mr. Williams not to answer, questions concerning December of 2009 meetings that involved personnel from American Water and EMC about which documents have been produced by EMC.

11.    The City is mindful that Mr. Williams is a non-party and, therefore, seeks to reduce the burden on him accordingly. The City learned during his July 11 deposition that Mr. Williams's legal bills for his deposition are being paid by EMC; therefore, this additional examination time will not cause him personally to incur any additional legal expense. Further, the City will allow Mr. Williams to choose his best date in the coming month to continue the deposition, rather than compel him to testify on an inconvenient date or time.

12.    The opportunity to depose Mr. Williams thoroughly, however, is critical to the City's case and is necessary to allow the case to proceed in an efficient manner.

    WHEREFORE, the City respectfully requests leave to continue the deposition of Tom Williams for an additional day, up to and including four hours of additional deposition time.

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Timothy J. Moriarty

A. Scott Chinn (17903-49)
James Patrick Hanlon (21230-71)
Kevin M. Kimmerling (26432-53)
Larry E. LaTarte (27924-71)
Timothy J. Moriarty (30044-49)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Ph. (317) 237-0300
Fax (317) 237-1000
E-mail: timothy.moriarty@FaegreBD.com

David L. Jones (10588-82)
JONES WALLACE, LLC
420 Main Street, Suite 1600
P.O. Box 1065
Evansville, Indiana 47706
(812) 402-1600
Fax: (812) 402-7977

Frank Paul Calamita, III (*pro hac vice*)
AQUALAW PLC
6 South 5th Street
Richmond, VA 23219
804-716-9021
Fax: 804-716-9022

*Attorneys for Defendants and Third-Party Plaintiffs, the City of Evansville, Indiana and Evansville Water and Sewer Utility Board*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed this 18th day of July, 2012.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.  This filing will also be sent to the

following via First-Class United States Mail and electronic mail:

Chad J. Sullivan
Member
Jackson Kelly PLLC
21 SE Third Street, Suite 900
Evansville, IN 47708
cjsullivan@jacksonkelly.com

/s/ Timothy J. Moriarty