UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>STATE OF INDIANA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 3:09-cv-00128-WTL-WGH |
| THE CITY OF EVANSVILLE,<br>EVANSVILLE WATER & SEWER UTILITY<br>BOARD, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| THE CITY OF EVANSVILLE,<br>EVANSVILLE WATER AND SEWER<br>UTILITY BOARD | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ENVIRONMENTAL MANAGEMENT<br>CORPORATION, | ) ) ) ) | |
| Third-Party Defendant. | ) | |

**ORDER ON THIRD-PARTY PLAINTIFFS' MOTION TO COMPEL AND EXTEND
DEPOSITION OF NON-PARTY WITNESS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Third Party Plaintiffs', City of Evansville and Evansville Water and Sewer Utility Board ("Third-Party Plaintiffs" or collectively "the City"), Motion to Compel and Extend the Deposition of Third Party Witness, Tom Williams filed July 18, 2012.  (Docket No. 203).  Williams filed a Response on August 2, 2012.  (Docket No. 208).  Defendant filed his reply brief on August 7, 2012.  (Docket No. 211).

**I.      Background**

Williams, as EMC's project manager for EMC starting in October 2006 (Deposition of Tom Williams ("Williams Dep.") at 9), was deposed on July 11, 2012 pursuant to Federal Rule of Civil Procedure 30 ("Rule 30"). (Third-Party Plaintiffs' Motion to Compel ¶ 12). Williams testified under oath for a total of seven hours, which is the presumptive limit for an oral deposition. FED. R. CIV. P. 30(d)(1). During and after the deposition, the City's counsel asked to extend the deposition time; Williams's counsel refused the City's request. (Third-Party Plaintiffs' Motion ¶¶ 4-5). Williams's counsel declined City's request to participate in a telephonic status conference before Magistrate Hussmann on July 13 (*Id.* at ¶ 6), at which point the City filed this Motion.

## II. Discussion

Rule 30(d)(1) was changed in 2000 to establish the presumptive limit of one day for seven hours. To rebut this presumption, the moving party must show that good cause exists to depose a witness beyond seven hours. *Id.* at Advisory Comment (2000 Amendment Subdivision (d)). Also, the court must grant additional time in a manner consistent with Rule 26(b)(2) if the extra time is needed to fairly examine the deponent or "the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Even if good cause is found, the court must limit the additional time if it determines that the party seeking additional discovery has had ample opportunity to obtain the information, the burden of the proposed discovery outweighs its likely benefit, the discovery is unreasonably cumulative or duplicative, or it can be obtained through "some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C). *See Edsall v. CSX Transp., Inc.*, 2007 WL 1385386 (N.D. Ind., May 8, 2007).

### A. Good Cause

Before this court can engage in the balancing test dictated by Rule 26(b) in deciding whether to permit additional discovery, the City must demonstrate good cause; failure to do so means that the City's motion must be denied. *See Wright and Miller*, 8A Fed. Prac. & Proc. Civ. § 2104.1 (3d ed.). The City argues good cause exists to extend Williams's deposition for three reasons, which we discuss in turn.

#### 1. Williams is a vital material witness

The City claims that Williams "possesses information that the City has reason to believe is otherwise unavailable." (Third Party Plaintiffs' Motion ¶ 10(a)). It further claims that other EMC current or former employees have stated Williams is one of the most significant, if not the most significant, witnesses regarding technical matters. (Third Party Plaintiffs' Reply at 3). Furthermore, the City alleges, Williams was the top operational employee for EMC during the relevant time period, and he was the Project Manager of EMC's Evansville operations during the time when all the alleged damages took place. (*Id.* at 4, citing Third Party Plaintiffs' Motion ¶ 10(b)). Williams does not claim he was not in charge of EMC's Evansville operations for at least the period of late 2006 through 2010, when the alleged damages took place. It is reasonable to infer that, due to his position, he is the person best situated, and perhaps possessing unique knowledge, to answer questions about EMC's practices in Evansville in the context of a factually complex, multi-party case. *See, e.g., In re Intel Corp. Microprocessor Antitrust Litig.*, 2008 WL 5377979, at *3 (D. Del. Dec. 18, 2008). The City has therefore shown good cause that he is a material witness for whom additional deposition time is required.

#### 2. Length of time covered by case and multitude of documents, facts, and legal issues

Plaintiffs then claim that the length of time covered by the claims, the fact that Williams was working there for almost that entire time (seven years), and "the sheer volume of documents, facts and legal issues involved, each militates in favor of extending Mr. Williams's deposition." (Third Party Plaintiffs' Brief at ¶ 10(b)). Allegations of damages spanning many years is a potential justification for allowing additional time. FED. R. CIV. P. 30(d) at Advisory Comment (2000 Amendment Subdivision (d)), *see Harris v. Miracle Appearance Recording Specialists Int'l, Inc.*, 2007 WL 2749434, at *1 (S.D. Ind. Sept. 20, 2007).

Plaintiffs in this case have pointed to several areas essential to the City's breach claims in which the City claims it was unable to examine Williams. These include: "the extent of sewer cleaning done by EMC over the course of the Management Agreement, EMC's status under and compliance history with the NPDES permits for the Evansville wastewater treatment plans, and EMC's response to a request-for-proposals ('RFP') made by the City toward the end of EMC's tenure." (*Id.*) Williams states that his tenure with EMC in Evansville was only from October 2006-March 2010, and that "[t]his much shorter relevant employment history does not justify an extension of time beyond the presumptive limit." (Williams Response at 5). However, given that the alleged damages all occurred during Williams's tenure as Project Manager, and that time did stretch over several years, this court concludes the City has shown good cause for additional deposition time on this issue.

### 3. Unresolved issues from initial deposition

City cites three unresolved important issues from Williams's deposition that necessitate Williams being re-disposed. (Third Party Plaintiffs' Motion ¶ 10(c)). City

claims Williams was not prepared to answer questions regarding a contract compliance audit of EMC's Evansville operations when he was project manager. (*Id*). Williams, on advice of personal and EMC counsel, refused to answer questions concerning his severance agreement with EMC and December 2009 meetings involving American Water and EMC personnel, respectively. (*Id*). With respect to the first claim, Williams denies that he was unprepared to answer questions and states that he was never sent any documents by the City that could have otherwise prepared him to testify on this issue. (Williams's Response 6). Williams was the top EMC Evansville employee during the 2008 audit (Third Party Plaintiffs' Motion ¶ 2), so the parties' interests are well-served by Williams testifying about this issue. Williams correctly states that Rule 30 encourages the deposing party to submit documents ahead of time to the deponent if the deposing party would like the deponent to familiarize herself with the material. (*Id.*, citing FED. R. CIV. P. 30(d) at Advisory Comment (2000 Amendment Subdivision (d))). This court therefore requires that City sends copies of R.W. Armstrong's audit to Williams at least seven (7) days in advance of his deposition.

    For the second claim, production of the severance agreement by EMC (Williams Response 6) is a necessary but not sufficient condition for blocking further deposition time. Given the length of Williams's employment with EMC and the importance of his position there, it is reasonable to allow City to probe Williams on issues of bias and credibility beyond what is on the face of the severance agreement. Williams, as project manager (Williams's Deposition 35-37) similarly has a unique perspective regarding the meeting with American Water that cannot be equaled simply by deposing another EMC

employee (e.g., Mr. McDonogh) who was at the meeting, as Williams suggests. (Williams Response 6).  The City has therefore shown good cause on these issues, too.

### B. Whether additional deposition time constitutes an undue burden on Williams

With the City having established good cause, the court must now consider whether granting the additional discovery would constitute an undue burden on Williams.  FED. R. CIV. P. 26(b)(2)(C).  The city has shown that Williams is a vital witness with unique information and perspective stemming from his tenure as the project manager for EMC in Evansville.  Thus, additional deposition time is unlikely to be duplicative of other methods of discovery, nor could the information be easily obtained through another discovery method.  (*Id*).  Williams still resides in the Evansville area, is incurring no out-of-pocket legal fees, and the City is allowing him to choose any date within the next month to continue the deposition.  (Third Party Plaintiffs' Motion ¶ 11).  The benefit of allowing the City four additional hours to depose such an important witness outweighs the burden to Williams, even bearing in mind that he is a non-party.  In *Harris*, a multi-party, multi-year case, the judge ruled it would be reasonable to slightly modify the allowed deposition time (an additional five hours across three witnesses) over the presumptive limit.  2007 WL 274934 at *1.  The extension of four hours would qualify as a slight modification.

Finally, the court does not find Williams's argument that the City wasted time during the deposition persuasive.  (Williams's Response 4-5).  As the City states, the one hour and fifteen minutes spent on the never-built north treatment plant is at the heart of City's claim that EMC's performance grew worse after the City decided not to build the plant.  (Third Party Plaintiffs' Reply 2).  The court is similarly persuaded that

City asking Williams to read e-mails into the record and Williams's interpretation of them was not frivolous, since the e-mails related "to matters at the heart of the underlying claims and contentions." (*Id*).

### III.  Conclusion

For the foregoing reasons, City's Motion to Compel and to Extend Deposition of non-party witness Tom Williams is **GRANTED**, the City having shown good cause for its motion and this court finding the additional discovery not to be unduly burdensome on Williams.  Third-Party Plaintiffs are hereby allowed four additional hours to complete Williams's deposition and are required to send a copy of the J.W. Armstrong audit to Williams at least seven (7) days before the deposition is taken.

**SO ORDERED.**

**Dated:** 09/05/2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic Copies to:**

Frank Paul Calamita, III
AQUALAW PLC
paul@aqualaw.com

James Patrick Hanlon
FAEGRE BAKER DANIELS LLP - Indianapolis
jphanlon@faegrebd.com

Larry E. LaTarte, Jr.
FAEGRE BAKER DANIELS LLP – South Bend
larry.latarte@FaegreBD.com

Cory A. Kuhlenschmidt

BOWERS HARRISON, LLP
cak@bowersharrison.com

Katherine Nicole Worman
BOWERS HARRISON, LLP
knw@bowersharrison.com

Mark E. Miller
BOWERS HARRISON, LLP
mem@bowersharrison.com

John A. Sheehan
CLARK HILL, PLC
jsheehan@clarkhill.com

Anthony Scott Chinn
FAEGRE BAKER DANIELS LLP - Indianapolis
scott.chinn@faegrebd.com

Kevin M. Kimmerling
FAEGRE BAKER DANIELS LLP - Indianapolis
kevin.kimmerling@FaegreBD.com

Timothy Moriarty
FAEGRE BAKER DANIELS LLP - Indianapolis
timothy.moriarty@faegrebd.com

Julie E Lang
INDIANA ATTORNEY GENERAL
julie.lang@atg.in.gov

Chad J. Sullivan
JACKSON KELLY PLLC
cjsullivan@jacksonkelly.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Sierra L. Alberts
OFFICE OF THE ATTORNEY GENERAL
sierra.alberts@atg.in.gov

Steven D. Griffin
OFFICE OF THE ATTORNEY GENERAL
steve.griffin@atg.in.gov

Rosemary Glass Spalding
SPALDING & HILMES PC
spalding@iquest.net

Shawn M. Sullivan
TERRELL BAUGH SALMON & BORN
ssullivan@tbsblaw.com

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com

Randall M. Stone
U.S. DEPARTMENT OF JUSTICE
randall.stone@usdoj.gov

Andrew C. Hanson
U.S. DEPT. OF JUSTICE
andrew.hanson2@usdoj.gov

Brian E. Joffe
U.S. ENVIRONMENTAL PROTECTION AGENCY
joffe.brian@epa.gov

Assistant Regional C Nicole Cantello
U.S. EPA Region V
cantello.nicole@epa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Nigel B. Cooney
UNITED STATES DEPARTMENT OF JUSTICE
nigel.cooney@usdoj.gov

Lisa Ann Cherup
UNITED STATES DEPT. OF JUSTICE
lisa.cherup@usdoj.gov